## Peoria Grape Sugar Co. v. Henry D. Turney et al.

1. AGENCY—*The Relation Found not to Exist.*—The court holds that the person making the warranty relied on by appellants was not the agent of appellees, and hence not authorized to make such warranty.

2. INTEREST—*Allowed on Account of Unreasonable and Vexatious Delay of Payment.*—The court holds in this case that there was such vexatious delay in the payment of the claims sued on, as the statute contemplates, and the allowance of five per cent interest from the maturity of the debt is approved.

**Assumpsit,** for goods sold and delivered. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

PAGE, WEAD & PUTERBAUGH, attorneys for appellant.

. RUNNELLS & BURRY, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by appellees to recover for coal sold and delivered to appellant under a parol contract in December, 1893, and January, 1894, and under a written contract in February, 1894. A trial by jury resulted in a verdict and judgment in favor of appellees for $2,396.06.

There are two grounds upon which appellant chiefly relies for a reversal, viz.:

1. That the coal delivered was sold under an express warranty as to its steam producing qualities, and that there was a breach of that warranty by reason of which appellant suffered great damage which was not allowed it as against the purchase price of the coal.

2. The amount found by the jury was excessive by reason of their allowing interest to the appellees.

The evidence in the record shows that D. H. Turney & Co. are extensive dealers in coal, having a branch office in

Peoria. Prior to December, 1893, they had contracted to take the entire output of the Reed City coal mines, mines located about thirteen miles west of Peoria. In their efforts to have the coal from those mines taken by large consumers in Peoria, appellant, which is a corporation operating a glucose plant in that city, was induced to order quite a number of car loads, which were delivered from time to time during the months of December, 1893, and January, 1894.

One James Sterritt was the superintendent of the Reed City Coal Company, and was quite active in assisting Turney & Co. in their efforts to induce appellant and other consumers to use the coal from those mines. He made certain representations as to the steam producing qualities of the coal, which upon testing were shown to be false. It is contended that those representations amounted to a warranty of Turney & Co.

It should be observed that Sterritt was not in the employ of Turney & Co., and was not authorized to make a warranty. His activity in the matter was in the interest of the coal company, because, under its contract with Turney & Co., the more coal that could be used in Peoria the better it would be for that company. The proofs show that appellant's manager was fully advised as to Sterritt's position in the matter. We are clearly of the opinion that Sterritt was not authorized to warrant the quality of the coal for appellees, and in that view it is not necessary to discuss the conflict between his testimony and that of appellant's manager, Rhodehamel.

After appellant had been using the coal for two months, it was sufficiently satisfied with it to enter into the following written contract in which there is no semblance to a warranty or any representation as to steam producing qualities :

"CHICAGO, Feb. 1, 1894.

The Peoria Grape Sugar Works, Peoria, Ill.

GENTLEMEN. Confirming our conversation, we desire to submit the following proposition :

We will agree to furnish you with your entire require-

ments of coal, which we understand to be from four to eight cars per day, of our Reed City lump coal delivered on board cars at your works, from date to February 1, 1895, for $1.20 per net ton. Mixed, nut, pea and slack made from lump taken by you at ten cents per net ton at the mines. Mine weights as taken at original point of shipment to govern settlement, and payments to be made for coal on or before the 20th of the month next following shipment.

This proposition is made subject to strikes, contingencies of transportation and other causes beyond our control.

Yours very truly,<br>H. D. TURNEY & Co.,<br>Per ADAMS & O'GARA, Ag'ts.

H. C. A.

We accept the above proposition.

PEORIA GRAPE SUGAR Co.,<br>By B. F. RHODEHAMEL, Manager."

If the coal fell so far short of Sterritt's representations, as appellant would have us believe, it seems to us that appellant's manager was guilty of great oversight in not having the written contract contain some requirement as to quality.

All deliveries of coal after the 1st of February, 1894, were governed by that contract. Hence instructions one and two given for appellees were not erroneous.

Entertaining the view as above expressed, that Staritt was not the agent of appellees, the giving of the eighth instruction was proper.

We see no good cause for complaint as to the giving or modifying of instructions upon the question of warranty.

As to the other ground urged, we are of the opinion that the allowance of interest was proper. There was such vexatious delay in the payment of the claim as the statute contemplates. Appellees were entitled to interest from the 20th of March, 1894, the date when appellant's obligation to pay matured.

Hence, the giving of appellee's fifth instruction, that if the jury found for the plaintiffs and further found from the evidence that there had been unreasonable and vexatious

delay in the payment of the amount they should allow five per cent interest was proper.

The jury really fixed the damages at a less amount than appellees were entitled to.

There is no sufficient ground for a reversal of the judgment. Judgment affirmed.